SAM OHANNASIAN *vs.* ERROLE COLLIER.
JOHN OHANNASIAN, *p. a. vs.* SAME.

JUNE 1, 1943.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

PER CURIAM.   One of these two actions of trespass, which were tried together to a jury in the superior court, is brought by John Ohannasian, a minor, for physical injuries allegedly caused by an assault upon him by the defendant on September 16, 1935; and the other action is brought by his father, Sam Ohannasian, for damages allegedly suffered by him because of such assault.   The jury returned a verdict for the defendant in each case.   The cases are before us solely on the exception of the respective plaintiffs to the denial of their motions for a new trial.

The evidence for the plaintiffs was that while John, who was thirteen years old at the time of the alleged assault, was standing on a wooden fence in the defendant's yard, watching a nearby rubbish fire, the defendant pushed him off the fence, causing him to fall and to suffer the injuries of which he complains.   The defendant in his testimony contradicted this evidence and testified that while he was talking to a police lieutenant and another officer who were investigating the cause of the fire, he noticed some boys on his fence, including the minor plaintiff; that, as the fence

was "shaky", he called the attention of the officers to the boys, whereupon the lieutenant ordered them to "scram", apparently meaning to get off the fence, and that they did get off; that when this order was given he, the defendant, was some 18 or 20 feet away from the fence; that he did not go near the minor plaintiff and that he did not know how the latter was injured. His testimony that he did not touch the boy and as to what the lieutenant said to the boys was corroborated by the testimony of the officers.

In view of such sharply conflicting evidence, the credibility of the parties and their witnesses was of vital importance in determining the issue of defendant's liability. Both the jury and the trial justice had the opportunity, which we do not have, of observing them while testifying, and both determined the fundamental issue in these cases in favor of the defendant. It is well established with us that in such circumstances the decision of the trial justice on a motion for a new trial will not be disturbed unless clearly wrong. We find no reason to disturb the decision of the trial justice on such motion by each of the plaintiffs in the instant cases.

The plaintiff's exception in each case is overruled, and each case is remitted to the superior court for the entry of judgment on the verdict.

*John G. Murphy,* for plaintiffs.
*E. Raymond Walsh,* for defendant.